UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. M. MILLER BAKER, JUDGE

| | |
|---|---|
| ———————————————— : | |
| JBF BAHRAIN W.L.L., : | |
| as successor-in-interest to : | |
| JBF Bahrain S.P.C., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Court No. 23-00067 |
| : | |
| UNITED STATES, : | |
| : | |
| Defendant. : | |
| ———————————————— : | |

**STIPULATED PROTECTIVE ORDER**
**REGARDING CONFIDENTIAL INFORMATION**

With the agreement of the parties, the Court having determined

that there is good cause for issuance of a protective order pursuant to

United States Court of International Trade Rule (USCIT R.) 26(c) to

govern the disclosure, use, and handling of certain information and

items produced and received in discovery in the above-captioned action

by the parties and their respective agents, successors, personal

representatives and assignees, and by any non-party signatories of

Exhibit A to this Protective Order, IT IS HEREBY ORDERED as

follows:

A. Definitions

1. "Action" shall mean the case captioned, *JBF Bahrain W.L.L., as successor-in-interest to JBF Bahrain S.P.C. v. United States*, Court No. 23-00073.

2. "Confidential Information" shall mean information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information: (a) is not in the public domain, or if in the public domain, is improperly in the public domain; and (b) is a trade secret or other confidential research, development, or commercial information as such terms are used in USCIT R. 26(c)(1)(G); (c) personal financial, medical or other private information relating to an individual that would properly be redacted from any public court filing pursuant to USCIT R. 5.2; (d) is information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a.

3. "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying.

"Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

4. "Document" shall mean all items listed in USCIT R. 34(a)(1)(A) & (B).

5. "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

6. "Designating Party" shall mean the party or other person producing in discovery in the Action any information that the Producing Party seeks to designate and have treated as Confidential Information pursuant to this Protective Order.

7. "Producing Party" shall mean the person or party producing in discovery in the Action.

8. "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information.

B. <u>Purpose, Scope, and Limitations of Protective Order</u>

1. This Protective Order applies to discovery, pre-trial and (to the extent approved by the Court) trial and post-trial proceedings in this action, whether the Documents are produced by a party or a person or entity who is not a party to this action (a "non-party"). This Order binds (a) the Parties and their respective agents, successors, personal representatives, and assignees; and (b) any non-party signatories of Exhibit A to this Protective Order.

2. Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

3. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Documents or information

consistent with this Protective Order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

4. This Protective Order shall not prejudice in any way any party's ability to challenge the use or disclosure of information other than information designated as Confidential Information under this Protective Order in this Action.  A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

5. The protections conferred by this Protective Order do not cover any information (a) properly in the public domain; (b) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or (c) known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality

to the Producing Party.

6. This Protective Order does not govern the use by the Parties of Confidential Information in open court at any hearing or trial, but the Parties reserve the right to seek relief from the Court in connection with the intended use of Confidential Information in any such hearing or trial.

7. This Protective Order governs the disclosure, use, and handling of all Confidential Information, regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.

8. Any Confidential Information referenced in any pleading or contained in any Document filed with the Court in this Action by the Producing Party shall at the time of filing cease to be Confidential Information unless the Producing Party files the un-redacted pleading or Document under seal.

9. Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as

Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

10.     This Protective Order applies only to disclosures, uses, and handling of Confidential Information occurring after the entry of this Protective Order.

11.     Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

12.     Any party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

C. Method for Designating Confidential Information

1. Designations of Confidential Information shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

2. The Designation of Confidential Information should be limited only to those Documents or portions of Documents that qualify under the appropriate standards or under the definition of "Confidential Information" in Section A (2) of this Protective

Order.

3.  Documents produced in discovery in this Action shall be designated as containing "Confidential Information" and/or "Confidential" and/or "Business Proprietary Information" and/or "Proprietary Document" and/or "Subject To Protective Order."  For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "Confidential, Subject to Protective Order" and/or "Confidential" and/or "Business Proprietary Information" and/or "Proprietary Document" and/or "Subject To Protective Order" on each page of the document asserted to contain Confidential Information.  For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall include "Confidential, Subject to Protective Order" and/or "Confidential" and/or "Business Proprietary Information" and/or "Proprietary Document" and/or "Subject To Protective Order."  The media on which the Confidential Information is provided (e.g., CD, DVD, external hard drive) also must be and

remain plainly labeled with "Confidential, Subject to Protective Order" and/or "Confidential" and/or "Business Proprietary Information" and/or "Proprietary Document" and/or "Subject To Protective Order" unless and until the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Confidential Material must be done in a manner that maintains the protection for all copies, including, but not limited to, the filename(s) and the location where the copies are stored and access thereto.

4. For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: "Confidential, Subject to Protective Order" and/or "Confidential" and/or "Business Proprietary Information" and/or "Proprietary Document" and/or "Subject To Protective Order."

5. For depositions, designation of Confidential Information shall be made (a) during the deposition on the record that should include

reasons for the assertion, or (b) by letter from counsel within thirty (30) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential Information. The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Confidential Information under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Protective Order and the requirement of executing the certification attached as Exhibit A. After designation of Confidential Material is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information: "Confidential, Subject to Protective Order" and/or "Confidential" and/or "Business Proprietary Information" and/or "Proprietary Document" and/or "Subject To Protective Order." If the deposition

was filmed, both the recording storage medium (i.e., CD or DVD) and its container shall be labeled "Confidential, Subject to Protective Order" and/or "Confidential" and/or "Business Proprietary Information" and/or "Proprietary Document" and/or "Subject To Protective Order."

6. For any other Document or item produced in discovery in this Action not falling within subparagraphs C (3), (4) or (5) above, designation of Confidential Information shall be made by labeling the item or the item's container with "Confidential, Subject to Protective Order" and/or "Confidential" and/or "Business Proprietary Information" and/or "Proprietary Document" and/or "Subject To Protective Order."  If only a portion or portions of the information contained in the item warrant protection as Confidential Information, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.

7. If it comes to a Producing Party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the Producing Party must promptly

notify all Parties that it is withdrawing the designation for the applicable information.

D. <u>Challenging Confidential Designations</u>

1. A Challenging Party shall not be obliged to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

2. The Challenging Party shall initiate a challenge to the designation of any Confidential Information under this Protective Order by providing to the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

3. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within seven (7) calendar days after the Designating Party receives notice from the Challenging Party. During the conferring process, the Challenging Party must convey its basis for the challenge and the Designating Party must have an opportunity to review the applicable documents and decide

whether to keep or change the designation. The Designating Party must communicate its decision(s) to the Receiving Party within fourteen (14) calendar days after receipt of notice of the challenge, or within a reasonable time agreed to by the Parties.

4. If the Designating Party decides to withdraw its designation, it shall give notice of this change to all parties.

5. If the Challenging and Designating Parties cannot come to a resolution within the time set forth in paragraph 3 above, or as otherwise agreed, either Party may file a motion seeking a determination from the Court.

6. Any information designated as Confidential Information pursuant to and after the entry by the Court of this Protective Order shall be treated as Confidential Information until such time as (a) the Designating Party agrees that it shall no longer be treated as Confidential Information or (b) the Court rules that such information should not be treated as Confidential Information.

E. <u>Disclosure, Use and Handling of Confidential Information</u>

1. A Receiving Party may use Confidential Information, in connection with this Action only for prosecuting, defending, or

attempting to settle this Action, and shall disclose such Confidential Information only in accordance with the terms of this Protective Order.

2. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information.

3. Confidential Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

   a. Counsel (including outside counsel) for the Parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

   b. Current employees of the Parties who are assisting with respect to this Action;

   c. Any person with prior authorized access to the Confidential Information;

d.   Current employees of the Producing Party;

e.   Witnesses, potential witnesses, and deponents, including their counsel;

f.   Court reporters and other persons not employed by this Court, retained to  record or transcribe testimony or argument at interviews or depositions in connection with this Action;

g.   Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

h.   Retained expert witnesses and consultants;

i.   Mediators or arbitrators; and

j.   This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

4. Confidential Documents may be shown to persons referenced in subsection (E)(3)(h) (consultants and experts) who are assisting in the preparation of this action on the condition that, before

disclosing any confidential information, the disclosing party obtain
(1) a signed certification from the consultant or expert stating they
are not affiliated with any manufacturer or vendor of competitive
merchandise, and (2) an agreement in writing to be bound by the
provisions of this Protective Order (in the form of Exhibit A
hereto).  Confidential Documents may be shown to third party
consultants and experts who are affiliated with manufacturers or
vendors of competitive merchandise only with prior written
consent of the party that produced the confidential information, or
upon order of the Court.  For the purposes of this paragraph, the
term "affiliated" shall be construed to mean a person currently
employed or contractually obligated with/to a manufacturer or
vendor of competitive merchandise.

5.  Persons receiving Confidential Information pursuant to the terms
of this Protective Order are prohibited from disclosing it to any
person except in conformance with this Protective Order.

6.  Unless the Designating Party gives written permission, all
Confidential Information that is filed with the Court must be (a)
filed under seal or in camera in accordance with the Court's Local

Rules and procedures, and/or (b) redacted from any filing that is publicly available.

7. If a Receiving Party or anyone subject to this Protective Order receives a subpoena seeking Confidential Information as designated in this Action, the Receiving Party or such individual shall promptly notify the Designating Party and shall not disclose any Confidential Information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person either (a) the Designating Party does not object to the production of the Confidential Information or (b) that that the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production.  The Designating Party shall bear the burden and expense of seeking protection of its designated Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court.

F. <u>Inadvertent Production of Confidential Information</u>

1. Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with

respect to any information or item. The Parties agree to follow USCIT R. 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Confidential Information.

2. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A"; and (c) within five (5) calendar days notify the Producing Party and all other Parties of the identity of the

person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

G. Disposition of Documents Containing Confidential Information

1. Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated as Confidential Information or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials overwritten and destroyed in the normal course of business.  Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine

IT and cybersecurity functions. In the course of disposing of information in its possession under this paragraph, Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

    a. For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Protective Order.

    b. Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits;

expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information. Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information unless and until its Designating Party agrees otherwise in writing or a court order directs.

c. In particular, attorneys for the United States may maintain copies of any documents designated Confidential in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential material in their

case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and

5 U.S.C. § 552, *et seq.*

Respectfully submitted,
BRIAN M. BOYNTON
Principal Deputy Assistant
Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Edward F. Kenny
EDWARD F. KENNY
Senior Trial Counsel

/s/ Marcella Powell
MARCELLA POWELL
Senior Trial Counsel
Department of Justice,
Civil Division
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, NY 10278
Telephone: (212) 264-9236
Attorneys for Defendant

/s/  Lawrence M. Friedman
Lawrence M. Friedman
Barnes, Richardson & Colburn, LLP
303 East Wacker Drive
Suite 305
Chicago, IL 60601
Telephone: (312) 565-2000
Attorneys for Plaintiff
November 27, 2024

SO ORDERED:

_____

M. Miller Baker, Judge

Dated: _____
        New York, New York

# EXHIBIT A

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. M. MILLER BAKER, JUDGE

_____
                                              :
JBF BAHRAIN W.L.L.,                           :
as successor-in-interest to                   :
JBF Bahrain S.P.C.,                           :
                                              :
                          Plaintiff,          :
                                              :
                  v.                          :         Court No. 23-00067
                                              :
UNITED STATES,                                :
                                              :
                          Defendant.          :
_____      :

## DECLARATION

1. My name
   is_____

2. I have read the Protective Order that has been entered in this
   case, and a copy of it has been given to me.  I understand the
   provisions of the Protective Order, and agree to comply with and
   to be bound by its provisions.  I also consent to the jurisdiction of
   this Court for purposes of enforcement of the Protective Order.

3. I declare under penalty of perjury that the foregoing is true and
   correct.

Executed this ____ day of _____ by

_____
                                        (Print Name)
Signed_____